May I begin? Your Honor, good morning. Ben Luckman on behalf of Mr. Andrade. Might I reserve about four minutes of my time for rebuttal, please? My argument is very simple. Mr. Andrade had his sentence increased based on a drug trafficking conviction. He did not, in fact, have a drug trafficking conviction. Instead, he had been previously convicted of conspiracy to possess a listed consistently held that in addressing whether a prior conviction meets the drug trafficking definition, the court needs to employ a categorical analysis. Since the statute's overbroad, it's not a categorical match. The district court erred at increasing a sentence. The government's argument is basically premised on a rejection of this litany of categorical precedent. It would be a turn to a time before Johnson, before Malooly, where basically the government asked this court to engage in a very nebulous kind of analysis. Well, they make two arguments, as I understand it, and I may be wrong, because you have to really work your way through the government's analysis. But one is they say, well, 841c2 is very similar to aiding and abetting. Right, but that's not the question. The question is, well, we have a case law that says that if it's sufficiently similar to the way we've defined aiding and abetting can be used to allow a crime to be treated as a drug trafficking or aggravated felony or whatever. Right, but that step is at least one or arguably two steps removed from the categorical analysis, and it really looks a lot like the residual clause type analysis that was struck down in Johnson. Why is that? I don't understand that argument. Well, if it's similar to, what's the doctrine here? There isn't a test for how it would be similar. Note 5 to the guidelines is not a catch-all provision, and when it's similar to, when they're talking about inchoate offenses, it's similar to a controlled substance offense. But this isn't a controlled substance offense. As I set up my brief under Title 21-802, totally different. List of chemical, controlled substance, different things. And in fact, the definition, the case law interpreting 841c says that Congress wanted to have liability reach people who weren't going to produce the drug, who couldn't produce the drug. So it's not a controlled substance offense. It's categorically overbroad, both because it's not a controlled substance offense, but also because the mens rea doesn't reach controlled substance. So to that extent, even the inchoate argument isn't similar to. And similar to, once again, is not the inquiry. It's, is it a categorical match? Let's assume, just argument, I'm not saying I disagree with you, but if, if we don't agree with you about the categorical analysis and we think we have to look at modified categorical, I note that the Supreme Court's grant asserted Mathis versus United States. If we decided we had to follow the modified categorical analysis, should we await the outcome of that case before deciding this case? I know some people can wait, you know, four and a half years to get confirmed or take a long time, but this would, this would be really hard for him. Isn't this case going to be moot in a couple of months? I think that would be the argument. That's the, that's where I was getting to. I'm sorry. I was just taking a shot at one of you. I apologize. I think it was expedited because his sentence is going to expire in October and November. I think so. I mean, he signed up for an eight-month deal. So I don't think putting off the decision until Mathis comes out would, it would moot the case. It wouldn't be of any help to him. But I think this, this court had said that if we're going to do this sort of peek at the Shepard documents, engage in the, I don't think this would be a modified categorical analysis. Number one, the government didn't raise his argument below. So I think it's been waived. But number two, you only engage in the modified categorical analysis when it's a divisible statute. This is an indivisible statute. So you wouldn't do that. But let's just say, arguendo that you could, based on Judge Kaczynski's kind of let's peek at the Shepard document thing that he's mentioned a couple of times. In Almanza Arenas... When did he mention that? I think it's in the Rendon dissent, right? The dissent from... Well, we're not following Judge Kaczynski's dissent in Rendon. I understand why Your Honor would say that. He's upset about it, too. I want you to know. Well, and I think Almanza Arenas is an en banc opinion. In that case, the court says, look, we'll engage, we'll do a little bit of peeking, but only when, we're not sure whether this is an elements or means situation. But in here, we're very sure for three reasons. One, you have the jury instructions, this Ninth Circuit model jury instruction. Two, you have cower. And three, you have, I think, ching tang lo. Those two cases, decisions of this court, ching tang is a... I want to say cowers. I'm not totally sure as I stand here right now. But those cases all say, look, this is just an overall mens re inquiry, knowledge, something less than knowledge, kind of like recklessness, reason to know. But there's no unanimity required. So this isn't a means elements question. We already know. So the modified categorical doesn't apply. The bottom line is, there's just nothing to talk about. It's not a divisible statute. So your argument rises and falls based upon the categorical analysis. I hate these kind of questions because I feel like I'm going to concede too much. But I just, it's not a controlled substance offense. It has to be for it to apply to this guideline. It's not, therefore, it doesn't apply. I hear your argument. I get your argument. I think I just reserve unless the court has some other questions. Thanks. Good morning, your honors. And may it please the court, Helen Hong on behalf of the United States. The question presented before this court is whether the Sentencing Commission intended to include individuals who possess pseudofedrin with knowing that that pseudofedrin would be used to manufacture methamphetamine as a drug trafficking offense within the meaning of 2L1.2. And I think there's a convergence of facts here that lead to the answer, which is yes. Knowing is not the same as intending to participate in the crime. That's correct, your honor. Knowledge and reason to believe are not the same as intent. And we don't argue that it is. Okay. So the fact that he's convicted of possessing this knowing that it would be used wouldn't be enough. You'd need to show intent. Well, and I think if you look at the language of 2L1.2 and how it defines drug trafficking offense, there's no intent that's caught up in the drug trafficking offense definition. So it prohibits offenses that involve the manufacture, import, export, distribution, or dispensing of a controlled substance. There's nothing in that definition that contains inherently anything about intent. Whatever you think about the intent issue, isn't counsel right that there's a big difference between a listed chemical and a controlled substance under the regulations? Yes, they are different. Listed chemicals and controlled substances are different. However, the fence here is possession of a listed chemical with the intent or knowing that it would be used to manufacture a controlled substance. And knowing is not like aiding and abetting. Well, and again, Application Note 5 is inclusive. You have aiding and abetting. You have conspiracy. You have attempts. And under this... What is it? Which of those is this? And all of those have... I agree that all of those have an intent element. But if you look at 843B, for example, 843B is an offense, the use of a drug-trafficking offense, that has been found to be a drug-trafficking offense within the meaning of 201.2. That statute only requires a knowing or intentional use of a communications facility. So there, you have either knowledge that the phone is being used to promote or to facilitate a drug-trafficking offense. You don't necessarily have to have intent. But going back to the convergence of factors that show that the Sentencing Commission intended to include this type of offense, I think United States versus Maine, the Eighth Circuit decision that found an 841C2 offense to be a controlled substance offense is illustrative here. There, they discuss how Congress tasked the Sentencing Commission with implementing the career offender guidelines. And that task came in the form of the Statute 28, United States Code, Section 994H. And there, they provided that the to a term of imprisonment at or near the maximum term for individuals who have prior convictions for, and this is a quote, an offense described in Section 401 of the Controlled Substances Act. And then in parentheses, they wrote in that statute, 21 U.S.C. 841. We are talking in this instance about a 21 U.S.C. 841 offense. And what the Sentencing Commission did in implementing that congressional directive was implement the career offender guideline 4B1.2 and the language in 4B1.2 where they found that a controlled substance offense, one that prohibits the manufacturer, import, export, distribution, or dispensing of a controlled substance captures what Congress required it to do. Doesn't that require intent in the career offender guideline? No, Your Honor. In the career offender guideline, it prohibits or it captures offenses that prohibit the manufacturing, the distribution, the importation, the exportation, or dispensing of a controlled substance. Yes. And this isn't any of those. Well, it involves the... It involves the... This is knowledge of that. It is knowledge of that. In the same way that 843B involves knowledge that the phone was being used in order to facilitate... Okay, we're back to the phones. But forget the phones and talk about the comparable guidelines. I think you were relying on the career offender guideline. Yes, Your Honor. Which also requires intent, not knowledge. Nothing... And I respectfully disagree on that point, Your Honor. I don't think that anything expressly in the career offender definition of controlled substance offense incorporates anything about an intent or mens rea. So, for example, the case that Mr. Lechman identified in his 28J letter, Garcia-Gimenez, discusses the intent in the generic offense of aggravated assault and how that cannot include extreme recklessness or disregard for human life. That's different than the definition we have here. Unlike a common law definition of aggravated assault, the Sentencing Commission defined controlled substance offense and drug trafficking offense to mean offenses that prohibit the manufacture or distribution, et cetera, of controlled substances. It says nothing about any intent. There's an 11th Circuit case that discusses whether the provisions of the guideline incorporate an intent element. And that case finds that it did not. Which case is that? Yeah, Your Honor. It's United States v. Smith. That's at 775 F3rd 1262. It's from the 11th Circuit in 2014. There, the defendant argued that his Florida, I believe it was a Florida drug trafficking offense, was not a controlled substance offense within the meaning of the guidelines. And because it omitted the requirement for intent in the way that the Federal Controlled Substances Act did. And the 11th Circuit found that there's no elements of mens rea with respect to the illicit nature of the controlled substance that is expressed or implied by the definitions contained in the guidelines. And I think that informs the question here. There's no intent requirement that's embedded in 4B1.2 or 2L1.2. So the interpretive exercise here is what did... The 5th Circuit has said the opposite. The 5th Circuit has analyzed in a reason it costed. They didn't analyze the intent element at all. There they just said that because the guideline in 2L1.2 didn't incorporate the same amendments that 4B1.2 had, that 840C1C1 was not a drug trafficking offense. It's hard for me to follow the reasoning in any of these cases. But, I mean, the bottom line is that the 5th Circuit disagrees with your position. The 5th Circuit disagrees with a position that this Court has taken in Jimenez as well. And I think that's right for two reasons. One is the sort of trajectory that the guidelines have taken. So in 1997, at the time that 4B1.2 was amended, 2L1.2 didn't exist in its present form. So 2L1.2 at the time allowed for a 16-level increase for anyone convicted of an aggravated felony or a 4-level increase for anyone that had a felony conviction or three prior convictions for a crime of violence or a controlled substance offense. That, in turn, was key to 4B1.2, the career offender guidelines. It wasn't until 2001, I believe, that 2L1.2 was amended to be in its present form. So there was no occasion for the Sentencing Commission to make the parallel amendments to 2L1.2 that it made to 4B1.2. And that's because it didn't have to, because in 1997, the Sentencing Commission told us what it meant when it included offenses that prohibit the manufacture and distribution of controlled substances, that prohibits other offenses that are closely connected and fairly considered to be those controlled substances. That was the language that the Sentencing Commission used in its amendment. As a result, we have offenses as disparate as phone counts, for example, possession of a flask or equipment with the intent to manufacture a controlled substance. That is a controlled substance offense. It seems pretty clear when they list controlled substances, and they deliberately don't list this as a controlled substance, and they list it as a lesser, a listed substance. But there's two components to this offense, Your Honor. The first component is possession of a listed chemical, and I agree with you on that. But it's then with the knowledge that that listed chemical would be used to manufacture a controlled substance. Well, that's the difference between knowledge and intent. If they charged him with the intent to do it, then you could say he was participating in the manufacture. And I would say that would be dispositive if 2L1.2 contained an intent requirement. But it doesn't. Again, 2L1.2, by its terms, only requires that the offense prohibit the manufacture or distribution of a controlled substance offense. And because the Sentencing Commission at the time that it drafted this language was required to include within it all 21 U.S.C. 841 offenses, and we know that through 28 U.S.C. 994, we know that that is what the Sentencing Commission meant. These guidelines were designed to simplify sentencing, I thought. And I do want to address one point, which is, and I see I'm out of time, and I'm happy to submit on that. Do you agree that this case is going to be moot in October or November? October 2016 is the scheduled date for the defendant's release, Your Honor. And so the sentencing appeal would be moot. So we ought to decide it quickly. October, 10 months, Your Honor, 8 months. Well, that's quickly for us. Yes, Your Honor. Thank you. Just a couple of brief responses, Your Honor. With regard to the Eighth Circuit's decision in May, we're sort of comparing apples and oranges. It's an enumerated offense under the Career Offender Guidelines. So, okay, I'll just move on. Regarding the intent element, I think, because the government's argument depends, it seems like, in large measure, on inchoate offenses, we know that even a general intent offense requires specific intent when you talk about the inchoate version of that offense. So I think intent would be important here. With that, I think I'll just submit. Thank you. Thanks, Your Honor. Thank you. The case just argued will be submitted.
judges: Reinhardt, Paez, M. Smith